UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE ANNE WILKERSON,

               Plaintiff,

    v.

SELECT PORTFOLIO SERVICING,
et al.,

               Defendants.

C20-831 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Defendant Select Portfolio Servicing's motion for summary judgment, docket no. 11, is DENIED. There are genuine issues of fact material to whether Plaintiff Joe Anne Wilkerson has standing to bring this action or whether she is a successor in interest who might have become a party to the loan modification agreement at issue. It is undisputed that Plaintiff owned the subject property from 1991 to 2006, and again from 2011 to present. *See* Statutory Warranty Deed, Ex. 14 to Hoisington Decl. (docket no. 12 at 130) (dated April 12, 2011). The terms of the note encumbering the subject property, executed in 2006, provides that in the event of a "transfer of the property," the lender (Defendant's principal) may "evaluate the intended transferee [i.e., Plaintiff] as if a new loan were being made to the transferee," assuming the lender "reasonably determines that [its] security will not be impaired by the loan assumption." *See* Note, Ex. 1 to Hoisington Decl. (docket no. 12 at 10). In April 2018, Plaintiff provided to Defendant a copy of the 2011 statutory warranty deed conveying to Plaintiff the subject property. *See* Contact History Report, Ex. 4 to Hoisington Decl. (docket no. 12 at 37). The record indicates that Defendant then started to treat Plaintiff as a successor in interest or "SII." *See id.* at 34– 37; *see also* 12 C.F.R. § 1024.31 ("Confirmed successor in interest means successor in

MINUTE ORDER - 1

interest once a servicer has confirmed the successor in interest's identity and ownership interest in a property that secures a mortgage loan.").

There are also questions of fact as to when Plaintiff could have reasonably discovered the basis for her negligence claims against Defendant. *See* Contact History Report, Ex. 4 to Hoisington Decl. (docket no. 12 at 34–37) (indicating that Defendant did not require Plaintiff to provide power of attorney documentation until April 16, 2020, after treating Plaintiff as a successor in interest for the two years prior); *see also Mayer v. City of Seattle*, 102 Wn. App. 66, 76, 10 P.3d 408 (2000) ("Whether the plaintiff has exercised due diligence under the discovery rule is a question of fact.").

(2)     The Court finds this case is appropriate for mediation under Local Civil Rule 39.1.  The parties are DIRECTED to conduct mediation by Friday, **July 23, 2021**, and file with the Court a letter of compliance by Friday, **July 30, 2021**.

(3)     The Court SETS a telephone status conference for Wednesday, **June 30, 2021**, at **11:00 a.m.**

(4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 25th day of June, 2021.

William M. McCool
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 2